IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVE GEORGE TEPP, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:06-CV-284-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Steve George Tepp, TDCJ # 1176165, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURE HISTORY

In June 2003 a jury found Tepp guilty of felony driving while intoxicated (DWI) in the

Criminal District Court Number One of Tarrant County, Texas, Case No. 0854395D, and assessed his punishment at twelve years' confinement. (1State Habeas R. at 42.[1]) The Second District Court of Appeals of Texas affirmed the trial court's judgment on the jury verdict on February 12, 2004. (*Id.* at 44-60.) *Tepp v. Texas*, No. 2-03-240-CR, slip op. (Tex. App.–Fort Worth Feb. 12, 2004) (not designated for publication). Tepp was granted an extension of time, up to including July 30, 2004, within which to file a petition for discretionary review (PDR), however, he did not file a PDR until October 12, 2004. *See Tepp v. Texas*, PDR No. 825-04, *available at* http://www.cca.courts.state.tx. The next day, on October 13, 2004, the Texas Court of Criminal Appeals dismissed his PDR as untimely. *Id.*

Tepp has filed two relevant state applications for writ of habeas corpus challenging his conviction and/or sentence. The first, filed on July 21, 2005, was denied without written order by the Texas Court of Criminal Appeals on March 1, 2006. *Ex parte Tepp*, State Habeas Application No. WR-62,830-01, at cover. The second application, filed on April 6, 2006, was dismissed as successive by the Texas Court of Criminal Appeals on August 9, 2006. *Ex parte Tepp*, State Habeas Application No. WR-62,830-02, at cover. Tepp filed this federal petition for writ of habeas corpus on April 19, 2006. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition is delivered to prison authorities for mailing). Quarterman has filed an answer addressing only the timeliness of the petition, to which Tepp has responded.

D.  ISSUES

Tepp raises seven grounds for habeas relief. (Petition at 7-8 & Memorandum at 1-13.)

---

[1] "1State Habeas R." refers to the state court record of Tepp's state habeas Application No. WR-62,830-01.

E. RULE 5 STATEMENT

Quarterman asserts that Tepp's petition is time-barred, and, thus, any inquiry into exhaustion is unnecessary. (Resp't Answer at 4.)

F. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (d)(1)(A), applicable to this case, Tepp's conviction became final and the one-year limitations period began to run on the date the trial court's judgment became final by the

3

conclusion of the time he had for filing a timely PDR on July 30, 2004. TEX. R. APP. P. 68.2(a). Thus, his federal petition was due on or before July 30, 2005, absent any applicable tolling.

Tepp's first state habeas application tolled the limitations period for 223 days for purposes of § 2244(d)(2), making his petition due on or before March 10, 2006. His second state habeas application, filed after March 10, 2006, did not operate to further toll the limitations period under the statutory provision. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor has Tepp asserted a valid reason for his delay to justify equitable tolling of the limitations period, and the record reveals none. (Pet'r Traverse at 3-12.) Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Difficulty obtaining records is a common problem among inmates who are trying to pursue postconviction habeas relief. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Further, neither mere ignorance of the law nor claims of actual innocence warrant equitable tolling. *Id.* at 171; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Tepp was not prevented in some extraordinary way from asserting his rights.

Accordingly, Tepp's federal petition was due on or before March 10, 2006. His petition filed on April 19, 2006, is therefore untimely.

## II. RECOMMENDATION

Tepp's petition for writ of habeas corpus DISMISSED with prejudice as time-barred. All motions not previously ruled upon should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 25, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 25, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 4, 2007.

                                              /s/   Charles Bleil
                                        CHARLES BLEIL
                                        UNITED STATES MAGISTRATE JUDGE