U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 3 1 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STEVE GEORGE TEPP, §
　　　　Petitioner, §
VS. § NO. 4:06-CV-284-A
NATHANIEL QUARTERMAN, §
DIRECTOR, TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
　　　　Respondent. §

## O R D E R

Came on for consideration the above-captioned action wherein Steve George Tepp is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On October 4, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that Tepp file objections, if any thereto, by October 25, 2007. Tepp timely filed his objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or

conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Tepp's petition be dismissed with prejudice as time-barred. As calculated by the Magistrate Judge, Tepp would have had to have filed his petition on or before March 10, 2006, in order for it to have been timely. See 28 U.S.C. 2244(d).[1] Tepp's § 2254 petition was filed on April 19, 2006, as it was delivered to the prison mailing system on such date. See Spotville v. Cain, 149 F.3d 374, 377-78 (5th Cir. 1998). Absent any equitable tolling of the statute of limitations, Tepp's petition is thus untimely.

In his objections, Tepp seems to contend that his instant petition was timely and/or he is entitled to equitable tolling of the statute of limitations because (1) he filed his petition for discretionary review in Texas state court at some point during August of 2004, (2) the prison where he was incarcerated during the relevant period was in lockdown status during the time such petition for discretionary review was due, and (3) he was either indigent or the commissary was closed due to the lockdown status.

If Tepp did indeed file his petition for discretionary review in August of 2004, this fact would not affect the

---

[1] Tepp's conviction became final, triggering the one-year statute of limitations period, on July 30, 2004. Tepp filed a state habeas petition during this period, which tolled the running of the limitations period for 223 days.

2

conclusion of the Magistrate Judge because such petition would have still been untimely.[2]

Likewise, Tepp is not entitled to any equitable tolling of the statute of limitations. Equitable tolling of the statute of limitations is permitted only in rare and exceptional circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). In order for equitable tolling to apply, the petitioner must diligently pursue relief under § 2254. Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). In his objections, Tepp has not adduced rare and exceptional circumstances as would warrant equitable tolling of the limitations period. See, e.g., Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (holding pro se petitioner did not present rare and exception circumstances when he was ignorant of the law and filing deadlines due to inadequate prison library); Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (holding that prison lockdown and misplaced legal papers did not present extraordinary circumstances as would warrant equitable tolling of the habeas petition statute of limitations).

Therefore,

The court accepts the findings, conclusions, and recommendation of the Magistrate Judge and ORDERS that the

---

[2]Tepp was granted an extension to file his petition for discretionary review, up to and including July 30, 2004, so whether he filed it in August of 2004 or October of 2004, it was untimely.

3

petition of Steve George Tepp for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice.

The court further ORDERS that all motions not previously ruled upon in the above-captioned action be, and are hereby, denied.

SIGNED October 31, 2007.

_____
JOHN McBRYDE
United States District Judge